NITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AIMEE O'NEIL,<br><br>Plaintiff,<br><br>v.<br><br>JOVI SALAS, et al.,<br><br>Defendants. | Case No. 2:21-cv-00063-APG-EJY<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION**<br><br>**Re:  ECF Nos. 1 and 1-1** |

Presently before the Court is *pro se* Plaintiff Aimee O'Neil's Application to Proceed *In Forma Pauperis*, filed on January 12, 2021. ECF No. 1. Also before the Court is Plaintiff's Complaint. ECF No. 1-1.

**I.     *IN FORMA PAUPERIS* APPLICATION**

Plaintiff submitted the declaration and information required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Therefore, Plaintiff's *in forma pauperis* application is granted. *Id*.

**II.    SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under Section 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive Section 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014), *citing id*.

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.   DISCUSSION**

Plaintiff attempts to allege a disability discrimination claim under the Fair Housing Act (the "FHA"). ECF No. 1-1. The Ninth Circuit applies a Title VII discrimination analysis in examining FHA discrimination claims. *Gamble v. City of Escondido*, 104 F.3d 300, 305 (9th Cir. 1997). Thus, a plaintiff bringing an FHA discrimination claim can proceed under a theory of disparate treatment or disparate impact. *Id*. at 304-05. "Additionally, a plaintiff may bring suit under the section 3604(f)(3)(B) of the Fair Housing Act Amendments . . . for failure to make reasonable accommodations in handicapped housing." *Id*. at 305 (internal citation omitted).

Even when liberally construed (*Nordstrom*, 762 F.3d at 908), Plaintiff's Complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. The totality of Plaintiff's conclusory allegations is that Defendants:

> have engaged in [a] pattern of discrimination against persons in rental dwellings [o]n the basis of discrimination in violation of the [FHA]. Specifically, [D]efendants have implemented this pattern or practice, among [o]ther ways, by: . . . Imposing different terms or conditions in the rental or dwelling, . . . on the basis of disability; [and,] Making a preference of limitation and discrimination.

ECF No. 1-1 at 2. Plaintiff's Complaint does not include any other factual allegations, such as where or when the discrimination allegedly took place. Instead, Plaintiff's statements offer "only labels and conclusions" and "naked assertions devoid of further factual enhancement." *North Am. Capacity Ins. Co. v. Reynen & Bardis Dev. (Nev.) LLC*, No. 3:10-cv-00157-HDM-RAM, 2010 WL 2291863, at *1 (D. Nev. June 1, 2010) (internal citation and quotation marks omitted). Thus,

Plaintiff's Complaint is devoid of sufficient factual allegations to proceed past the screening stage. *Ashcroft*, 556 U.S. at 678.

Plaintiff's Complaint also fails because it is noncompliant with Fed. R. Civ. P. 8. "To comply with Rule 8, a complaint must set forth coherently who is being sued, for what relief, and *on what theory*." *Godwin v. City Redevelopment, LLC*, Case No.: 2:18-cv-01011-RFB-NJK, 2018 WL 3620482, at *2 (D. Nev. July 30, 2018) (internal citation omitted) (emphasis added). Here, Plaintiff does not specify whether she brings her FHA claim under a theory of disparate treatment, disparate impact, or reasonable accommodation. *Gamble*, 104 F.3d at 305. "A complaint that lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory," including Plaintiff's, "may be dismissed as a matter of law." *Alandia v. US Bank*, No. 2:09-CV-687 JCM (PAL), 2009 WL 4611442, at *1 (D. Nev. Dec. 1, 2009).

Considering the above, Plaintiff's Complaint cannot survive screening as pleaded because it fails to state a claim upon which relief can be granted. As amendment of Plaintiff's FHA disability discrimination claim is not necessarily futile, the Court recommends dismissing Plaintiff's Complaint without prejudice, with leave to amend. *Cato*, 70 F.3d at 1106.

**IV.    ORDER**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

**V.     REPORT AND RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED without prejudice, with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff be granted leave to file an amended complaint correcting the above deficiencies within **thirty (30) court days** from the date this Report and Recommendation is accepted and adopted, with the following admonishment: Plaintiff is advised that if she files an amended complaint, her Complaint (ECF No. 1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without

reference to prior pleadings or other documents.  The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

DATED THIS 14th day of January, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).